**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| DIAMOND BURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESOLVLY LLC,<br><br>Defendant. | CASE NO.: 9:26-cv-80744<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff DIAMOND BURCH ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant RESOLVLY LLC ("Defendant" or "Resolvly") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), and the regulations promulgated thereunder. Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This action challenges Defendant's practice of initiating, or causing to be initiated, repeated unsolicited telemarketing calls to consumers whose telephone numbers are registered on the National Do Not Call Registry.

2. Resolvly markets debt-resolution, debt-relief and related consumer financial services to consumers nationwide, including through telephone outreach and third-party affiliate calling platforms.

3. Plaintiff received numerous unwanted calls to her personal cellular telephone number from telephone numbers that she reasonably traced back to Resolvly. The calls were frequently identified by Plaintiff's phone as spam calls, used multiple originating numbers, and often disconnected or hung up when answered.

4. When Plaintiff called back one or more of the numbers, the callback system and/or recording identified Resolvly. Plaintiff was not able to meaningfully reach a representative capable of stopping the calls and, on information and belief, was routed to Resolvly's callback system and/or an after-business-hours recording.

5. Plaintiff's telephone number was registered on the National Do Not Call Registry before the calls at issue. Plaintiff did not provide Resolvly with prior express invitation or permission to initiate telephone solicitations to her number.

6. Plaintiff attempted to stop the calls, including by calling back one or more numbers associated with the calls and attempting to communicate that she did not wish to receive further calls but she was placed on hold and no one returned to the line before she could make that request.

7. The frequency, volume, rotating-number pattern, callback identification, and public complaints reflecting similar conduct support a reasonable inference that the calls were part of a broader standardized outbound telemarketing campaign conducted by or on behalf of Resolvly.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the regulations promulgated thereunder.

9. Plaintiff has Article III standing because Defendant initiated, or caused to be initiated, repeated unwanted telemarketing calls to Plaintiff's personal cellular telephone number, invading Plaintiff's privacy, causing nuisance and annoyance, disrupting Plaintiff's daily life, wasting Plaintiff's time, and causing Plaintiff to investigate, document, block, and attempt to stop the calls.

10. This Court has personal jurisdiction over Defendant because Defendant is authorized to transact business in Florida, maintains its principal and/or mailing address in Palm Beach County, Florida, conducts business from Florida, and directs or causes telemarketing activity from Florida and/or for the benefit of a Florida-based business.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District for venue purposes, maintains its principal and/or mailing address in Palm Beach County, Florida, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, were directed from, or are connected to this District.

## PARTIES

12. Plaintiff Diamond Burch is a natural person and, at all relevant times, resided in St. Louis, Missouri.

13. Defendant Resolvly LLC is a foreign limited liability company authorized to transact business in Florida. Resolvly markets debt-resolution, debt-relief, lawyer-referral, and related consumer financial services to consumers nationwide.

14. Upon information and belief, Resolvly made the calls at issue directly and/or through agents, vendors, lead generators, affiliates, partners, call centers, or third-party dialing platforms acting on Resolvly's behalf and for Resolvly's benefit.

15. If discovery demonstrates that the calls at issue were made by or on behalf of a different, additional, affiliated, subsidiary, parent, vendor, trade-name, or successor entity, Plaintiff reserves the right to amend this Complaint to identify the proper entity or entities.

## FACTUAL ALLEGATIONS

16. At all relevant times, Plaintiff was the subscriber, customary user, and/or regular user of cellular telephone number ending in 5335 (the "5335 Number").

17. Plaintiff registered the 5335 Number on the National Do Not Call Registry on June 01, 2018, before receiving the calls at issue.

18. Plaintiff used the 5335 Number for personal, residential, family, and household purposes. The 5335 Number was not used as a business line.

19. Plaintiff did not provide Resolvly, or anyone acting on Resolvly's behalf, with prior express invitation or permission to initiate telephone solicitations to the 5335 Number.

20. Plaintiff did not request that Resolvly call her, did not seek a consultation from Resolvly, did not have an account with Resolvly, and did not have an established business relationship with Resolvly sufficient to authorize the calls at issue.

21. To the extent Defendant contends that any lead-generator form, website, data broker, vendor, affiliate, or third-party source supplied consent, any such purported consent was invalid, was not clear and conspicuous, was not specific to Resolvly and the calls at issue, did not clearly authorize the calls at issue, did not include the 5335 Number as required, did not bear Plaintiff's signature, and/or did not constitute prior express invitation or permission under the TCPA.

22. Beginning no later than May 2026, Resolvly and/or persons acting on its behalf initiated numerous telephone solicitations to the 5335 Number.

23. The calls were made from multiple telephone numbers, including, without limitation, telephone numbers beginning with or including 314-594.

24. Plaintiff's call logs show repeated calls identified as spam and/or associated with numbers including 314-756-4691, 314-594-6653, 314-594-6649, 314-594-6684, 314-594-6681, 314-594-6659, 314-594-6647, and 314-594-6670.

25. Representative calls reflected in Plaintiff's screenshots include calls on or about May 19, May 20, May 21, May 22, May 25, May 26, May 28, May 29, June 1, and June 10, 2026.

26. Plaintiff's phone identified many of the calls as spam. Some calls disconnected, hung up, or failed to connect Plaintiff with a live representative.

27. Plaintiff called back one or more of the numbers and the callback greeting, recording, or telephone system identified the company as Resolvly. Plaintiff therefore reasonably attributed the calls to Resolvly.

28. During counsel's investigation, callbacks to certain 314 numbers, including 314-756-4691, 314-594-6653, and 314-594-6649, routed to an automated message stating, in substance, "Thank you for calling Resolvly."

29. The calls were telephone solicitations because they were initiated for the purpose of encouraging the purchase, rental, or investment in property, goods, or services, including debt-resolution, debt-relief, legal-referral, credit-related, or consumer financial services offered, marketed, referred, or arranged by Resolvly.

30. The calls were not made for emergency purposes and were not made with Plaintiff's prior express invitation or permission.

31. The calls invaded Plaintiff's privacy, interrupted her daily life, caused nuisance and annoyance, wasted her time, occupied her telephone line and device, and required her to investigate, document, block, and attempt to stop the calls.

32. Plaintiff attempted to call back to tell Resolvly, or persons calling on Resolvly's behalf, to stop calling her. Plaintiff was placed on hold, no one returned to the line, and Plaintiff did not actually get the opportunity to communicate a stop-call request.

33. The repeated calling from multiple local or local-looking numbers, spam labels, hang-ups, callback routing to Resolvly, and similar public complaints support a reasonable inference that the calls were made as part of a standardized outbound telemarketing campaign by or on behalf of Resolvly.

**REPRESENTATIVE PUBLIC COMPLAINTS**

34. Public complaints concerning Resolvly reflect a similar pattern of repeated unsolicited calls from varying or spoofed local telephone numbers, hang-up calls, callback systems identifying Resolvly, and consumers' unsuccessful attempts to stop the calls. Representative examples are provided below.

35. Consumer reports that Resolvly called from different numbers, and that when the consumer returned the calls, the callback system stated it was after business hours despite the consumer being in the same time zone.

Michelle Hawn
7 reviews

★☆☆☆☆ 3 weeks ago NEW

They keep calling me from different numbers. When I call back it's after business hours even though we are on the same time zone. I talked with a lady and she said I didn't call you. I said yes you did. I hit the button to call you back. No it wasn't me. They call from all different numbers.

36. Consumer reports nine calls within three days and local-number spoofing despite not living near Florida.

Lesley Maple
Local Guide · 13 reviews

★☆☆☆☆ 8 months ago

In the past three days, this company has called me 9 times. Today they've called twice and it's not even noon. The numbers are spoofed to show that they are coming from local numberss but I don't live anywhere near Florida.

37. Consumer reports 20 to 30 calls per day from multiple numbers and no voicemail messages.

Carol Young
1 review

★☆☆☆☆ a year ago

I don't know who these people are or why they are calling my number - or how they got my number - but the 20-30 calls/day is harassment. I don't answer since I don't recognize the multiple #s they're using and they never leave a message. I ... More

5

38. Consumer reports leaving numerous messages requesting placement on the Do Not Call list while continuing to receive many calls per day.

**Barb Lewis**
Local Guide · 2 reviews · 5 photos
★☆☆☆☆ a month ago

I dont know how they got my # but I get constant calls all day long 7 days week. I have spoken to someone at least 20 x to stop calling me n opted out for calls im so done !

Hover to react

39. Consumer reports learning of Resolvly only after calling back and hearing a recorded message identifying the company by name.

**Meagan Williams**
6 reviews
★☆☆☆☆ 10 months ago

For some reason they have started calling me. I never even heard of the company until I called back and got a recorded message that said the company name.

Hover to react

40. Consumer reports repeated calls from spoofed numbers, asking the company to stop, hang-ups, and continuing daily calls after blocking numbers.

**Patience Collins**
3 reviews · 2 photos
★☆☆☆☆ a year ago

Calling me 15 times a day. And I've blocked multiple number, will call after bed time. Absolutely ridiculous. Stop calling or find a good lawyer before charged with harassment

3

41. Consumer reports calls from fake local numbers that hang up immediately.


Gerardo Andujar
Local Guide · 131 reviews · 109 photos
a year ago
I keep getting spam calls from this company!!!!!! At least 10 a day. They use fake local numbers that hang up on you immediately. I will be contacting the FCC on Monday!!!!!
6

42. These public complaints support a reasonable inference that the calls to Plaintiff were part of a broader outbound telemarketing campaign conducted by or on behalf of Resolvly.

## CLASS ALLEGATIONS

43. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), individually and on behalf of the following Class and Class Members:

> **TCPA National DNC Class: All persons in the United States who, within four years prior to the filing of this Complaint through the date of class certification, received more than one telephone solicitation within any twelve-month period by or on behalf of Resolvly to a telephone number registered on the National Do Not Call Registry for at least thirty-one days before the calls, without prior express invitation or permission.**

44. Excluded from the Class are Defendant; any subsidiary or affiliate of Defendant; the directors, officers, and employees of Defendant or its subsidiaries or affiliates; and members of the federal judiciary.

45. Plaintiff reserves the right to amend, expand, narrow, or modify the Class definition based on discovery and further investigation.

46. Numerosity. At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized telemarketing calling campaign directed to particular telephone

numbers, Plaintiff believes, at a minimum, that the proposed Class includes more than forty (40) members. The members of the Class are so numerous that individual joinder is therefore impracticable.

47. Commonality and Predominance. Common questions of law and fact predominate over any individual questions, including, without limitation:

a. Whether Defendant initiated, or caused to be initiated, the telephone calls at issue;

b. Whether the calls were made by or on behalf of Resolvly;

c. Whether the calls constituted telephone solicitations under the TCPA and its implementing regulations;

d. Whether Plaintiff's and Class Members' telephone numbers were registered on the National Do Not Call Registry for at least thirty-one days before the challenged calls;

e. Whether Defendant obtained prior express invitation or permission to place the calls;

f. Whether Defendant scrubbed its calling lists against National Do Not Call Registry data no more than thirty-one days old;

g. Whether Defendant acted knowingly or willfully;

h. Whether Plaintiff and Class Members are entitled to statutory damages and, if proven, treble damages; and

i. Whether Defendant should be enjoined from continuing the challenged conduct.

48. Typicality. Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct and are based on the same legal theories as the claims of absent Class Members.

49. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the interests of absent Class Members and has retained counsel experienced in consumer-protection, telemarketing, TCPA, and class-action litigation.

50. Superiority. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because the individual statutory damages are modest compared to the cost of individual litigation, the alleged misconduct was standardized, and class treatment will conserve judicial and party resources while promoting consistent adjudication of common issues.

51. Class-Wide Injunctive Relief. Certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making final injunctive and declaratory relief appropriate with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(c)
### (National Do Not Call Registry)

52. Plaintiff re-alleges and incorporates by reference the allegations above as though fully set forth herein.

53. The TCPA established a national Do Not Call registry of telephone numbers of consumers who object to receiving telephone solicitations.

54. The TCPA's implementing regulations provide that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

55. A violation of 47 C.F.R. § 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which grants a private right of action to any person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. § 227(c).

56. Defendant initiated, or caused to be initiated on its behalf, more than one telephone solicitation within a twelve-month period to Plaintiff's residential telephone number while the number was registered on the National Do Not Call Registry.

57. Defendant did not have Plaintiff's prior express invitation or permission to initiate the telephone solicitations at issue.

58. Defendant knew or should have known that the 5335 Number was registered on the National Do Not Call Registry, including because telemarketers are required to scrub call lists using National Do Not Call Registry data no more than thirty-one days old.

59. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed and are entitled to injunctive relief, statutory damages of up to $500 per violation, treble damages for knowing or willful violations, and all other relief available under 47 U.S.C. § 227(c)(5).

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A. Certifying the proposed Class, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

B. Declaring that Defendant's conduct violated the TCPA;

C. Awarding Plaintiff and each Class Member statutory damages up to $500 for each qualifying violation of the TCPA;

D. Awarding treble damages for each knowing or willful violation;

E. Awarding costs to the extent permitted by law;

F. Awarding pre- and post-judgment interest as permitted by law;

G. Enjoining Defendant from continuing the unlawful practices alleged herein; and

H. Awarding such other and further relief as the Court deems just and proper.

Dated: June 23, 2026

Respectfully submitted,

*/s/ Alexander Korolinsky*
Alexander J. Korolinsky, Esq.
Florida Bar No.: 119327
**THE LAW OFFICE OF ALEXANDER J. KOROLINSKY, P.A.**
1580 Sawgrass Corp Pkwy, Suite 130
Sunrise, Florida 33323
Tel: (888) 815-3350
korolinsky@ajklegal.com

Counsel for Plaintiff and Proposed Class